IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Tyrone Perry, #307793, | ) | C/A No.: 1:14-4472-BHH-SVH |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | REPORT AND RECOMMENDATION |
| | ) | |
| Larry Cartledge, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

Petitioner Tyrone Perry, proceeding pro se and in forma pauperis, files this action pursuant to 28 U.S.C. § 2254, challenging a prison disciplinary proceeding. Petitioner is incarcerated at the Perry Correctional Institution of the South Carolina Department of Corrections ("SCDC"). Pursuant to the provisions of 28 U.S.C. §636(b)(1) and Local Civ. Rule 73.02(B)(2)(c) (D.S.C.), the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the district judge. For the reasons that follow, the undersigned recommends the district judge dismiss the petition in this case without prejudice and without requiring the respondent to file an answer.

I.      Factual Background

Petitioner alleges that he was denied due process during a disciplinary hearing on July 22, 2013, on the charge of threatening to inflict harm. [ECF No. 1 at 1]. Petitioner states that his counsel substitute failed to interview his witnesses prior to the hearing or to obtain documentary evidence. *Id.* at 6. Petitioner also claims that he was denied the right to call witnesses or to present his written statement to the disciplinary hearing officer

("DHO"). *Id.* Petitioner further alleges that the DHO abused his discretion by using testimony of a witness who was not involved in the incident. *Id.* The DHO found Petitioner guilty and sentenced him to "240 days property and privilege loss, loss of TV." *Id.* at 1. Petitioner requests that his conviction be overturned. *Id.* at 14.

II.     Discussion

    A.     Standard of Review

Under established local procedure in this judicial district, a careful review has been made of this petition pursuant to the Rules Governing Section 2254 Proceedings for the United States District Court, the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214, and other habeas corpus statutes. Pro se complaints are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). A federal court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In evaluating a pro se complaint, the petitioner's allegations are assumed to be true. *Fine v. City of N.Y.*, 529 F.2d 70, 74 (2d Cir. 1975). The mandated liberal construction afforded to pro se pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the petitioner could prevail, it should do so. Nevertheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading

2

to allege facts that set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

B.   Analysis

Petitioner brought this case pursuant to 28 U.S.C. § 2254, which states:

> The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.

Petitioner does not allege that the fact of his custody is a denial of his constitutional rights or that his sentence was enhanced, such as by the loss of good time credits, by his disciplinary conviction. Therefore, the court lacks subject matter jurisdiction to entertain Petitioner's claim pursuant to § 2254.

To the extent Petitioner intended to bring this action pursuant to 42 U.S.C. § 1983, his action would also be subject to summary dismissal. Petitioner alleges that the DHO deprived him of his constitutional right to due process during the disciplinary hearing. [ECF No. 1]. To prevail on a procedural due process claim, an inmate must first demonstrate that he was deprived of "life, liberty, or property" by governmental action. *Beverati v. Smith*, 120 F.3d 500, 502 (4th Cir. 1997). When the punishment does not cause the original sentence to be enhanced, protected interests will generally be limited to freedom from restraint that imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life. *Sandin v. Conner*, 515 U.S. 472 (1995)

(holding that disciplinary segregation did not present the type of atypical, significant deprivation in which a state might create a liberty interest). Petitioner alleges that the disciplinary conviction resulted in the loss of property and television privileges for 240 days. [ECF No. 1 at 1]. Such a loss of privileges does not implicate a constitutional deprivation. *See, e.g., Beverati*, 120 F.3d at 502 (4th Cir. 1997) (confinement in administrative segregation does not exceed the sentence imposed in such an extreme way as to give rise to the protection of the Due Process Clause); *Gaston v. Taylor*, 946 F.2d 340, 343 (4th Cir. 1991) (holding that changes in conditions of confinement and the denial of privileges are matters which every prisoner can anticipate are contemplated by his original sentence to prison). Because Petitioner has failed to show that the challenged disciplinary conviction enhanced his sentence in such a way as to implicate a protected liberty interest, the instant § 2254 petition is subject to summary dismissal.

III.    Conclusion

For the foregoing reasons, the undersigned recommends that the petition in the above-captioned case be dismissed without prejudice and without requiring respondent to file a return.

IT IS SO RECOMMENDED.

*Shiva V. Hodges*

November 25, 2014
Columbia, South Carolina

Shiva V. Hodges
United States Magistrate Judge

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see*  Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).