UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Tyrone Perry, #307793<br>　　　　　　　Petitioner,<br>vs.<br>Larry Cartledge,<br>　　　　　　　Respondent. | Civil Action No.: 1:14-cv-4472-BHH<br><br>**Opinion and Order** |

This matter is before the Court upon the Magistrate Judge's Report and Recommendation ("Report") (ECF No. 8), which recommends that the § 2254 petition be dismissed *without prejudice* and without requiring the respondent to file a return. For the reasons set forth below, the Court agrees with the Report and dismisses the petition *without prejudice*.

## BACKGROUND

The petitioner, Tyrone Perry, an inmate at Perry Correctional Institution, who is proceeding *pro se*, brought this action pursuant to 28 U.S.C. § 2254 challenging a prison disciplinary proceeding. Pursuant to 28 U.S.C. § 636(b) (1)(B) and Local Civil Rule 73.02(B)(2)(d) DSC, the case was assigned to Magistrate Judge Shiva V. Hodges. On November 25, 2014, the Magistrate Judge issued a Report recommending that the § 2254 petition be dismissed without prejudice and without requiring the respondent to file a return because the Court lacks subject matter jurisdiction to entertain the petitioner's claim under § 2254 because the petitioner has not alleged that the fact that he is in custody is a violation of his constitutional rights. Moreover, the Magistrate observed that even if the petitioner intended to bring the action under § 1983 it would still be subject to dismissal because the loss of property or

privileges is not a restraint that imposes an atypical and significant hardship on an inmate in relation to the ordinary incidents of prison life.  The petitioner filed an objection to the Report (ECF No. 10) on December 11, 2014.

## **STANDARD OF REVIEW**

The Magistrate Judge makes only a recommendation to the district court.  The recommendation has no presumptive weight.  The responsibility to make a final determination remains with the district court.  *Mathews v. Weber*, 423 U.S. 261, 270–71, 96 S.Ct. 549, 46 L.Ed.2d 483 (1976).  The court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The court is obligated to conduct a *de novo* review of every portion of the Report to which specific objections have been filed*. Id.*  However, the court need not conduct a *de novo* review when a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations."  *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982) ( "[*D*]*e novo* review [is] unnecessary in . . . situations when a party makes general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendation.").  The court reviews only for clear error in the absence of a specific objection. Furthermore, in the absence of a timely filed, specific objection, the Magistrate Judge's conclusions are reviewed only for clear error.  *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).  Additionally, the

Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). This Court may also "receive further evidence or recommit the matter to the magistrate judge with instructions." *Id.* On December 11, 2014, the petitioner filed an objection in this case, and thus the Court has conducted the requisite *de novo* review.

In reviewing these pleadings, the Court is mindful of the petitioner's *pro se* status. This Court is charged with liberally construing the pleadings of a pro se litigant. *See, e.g., De'Lonta v. Angelone*, 330 F.3d 630, 633 (4th Cir. 2003). The requirement of a liberal construction does not mean, however, that the Court can ignore a petitioner's clear failure to allege facts that set forth a cognizable claim, or that the Court must assume the existence of a genuine issue of material fact where none exists. *See United States v. Wilson*, 699 F.3d 789, 797 (4th Cir. 2012).

## **DISCUSSION**

After conducting a *de novo* review, the Court finds that the petitioner's objections provide no basis for this Court to deviate from the Magistrate Judge's recommended disposition. The petitioner largely restates his contentions about the unfairness of the disciplinary hearing, but he does not raise a valid objection to the Magistrate Judge's central conclusion – that the Court lacks jurisdiction to consider this dispute. The petitioner's objections are therefore overruled, and the Court adopts the Report in its entirety.

## **CONCLUSION**

After a thorough review of the Report, the record, and the applicable law, the Court finds that the petitioner's objections are without merit.  Accordingly, the Court adopts the Report and incorporates it herein.  It is therefore ORDERED that the petitioner's § 2254 petition be dismissed *without prejudice* and without requiring the respondent to file a return.  All outstanding motions are **MOOT**.

## **CERTIFICATE OF APPEALABILITY**

The governing law provides that:

> (c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (c)(3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c).  A prisoner satisfies this standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable.  *See Miller–El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001).  In this case, the legal standard for the issuance of a certificate of appealability has not been met.  Therefore, a certificate of appealability is denied.

**IT IS SO ORDERED.**

/s/ Bruce Howe Hendricks
United States District Judge

August 27, 2015
Greenville, South Carolina

**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified that any right to appeal this Order is governed by Rules 3 and 4 of the Federal Rules of Appellate Procedure.