IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Tyrone Perry, #307793, ) | Civil Action No.: 1:14-4472-BHH |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | |
| ) | |
| Larry Cartledge, ) | **O R D E R** |
| ) | |
| Respondent. ) | |
| _____ ) | |

Petitioner has filed a motion for reconsideration (ECF No. 18) of the August 27, 2015, Order (ECF No. 15) dismissing this action without prejudice and without requiring the Respondent to file a return, which the Court will treat as a motion to alter or amend judgment pursuant to Rule 59(e) of the Federal Rules of Civil Procedure. Motions under Rule 59 are not to be made lightly: "[R]econsideration of a previous order is an extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." 12 JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE ¶ 59.30[4] (3d ed.). The Fourth Circuit has held such a motion should be granted for only three reasons: (1) to follow an intervening change in controlling law; (2) on account of new evidence; or (3) to correct a clear error of law or prevent manifest injustice. *Hutchinson v. Staton*, 994 F.2d 1076, 1081 (4th Cir.1993). Rule 59 motions are not opportunities to rehash issues already ruled upon because a litigant is displeased with the result. *See Tran v. Tran*, 166 F. Supp. 2d 793, 798 (S.D.N.Y. 2001).

On November 25, 2014, the Magistrate Judge issued a Report and Recommendation ("Report") (ECF No. 8) recommending that the § 2254 petition be dismissed without prejudice and without requiring Respondent to file a return because the Court lacked subject matter jurisdiction to entertain Petitioner's claim under § 2254 as

Petitioner had not alleged that the fact that he was in custody was a violation of his constitutional rights. Petitioner filed an objection to the Report (ECF No. 10) on December 11, 2014. After conducting a *de novo* review, the Court found that Petitioner's objections provided no basis for this Court to deviate from the Magistrate Judge's recommended disposition, and in an Order entered on August 27, 2015 (ECF No. 15), the Court adopted the Report in its entirety.

In Petitioner's motion for reconsideration, he does not argue that there has been an intervening change in controlling law, or that the Court's decision must be altered to account for new evidence which was not previously available. The Fourth Circuit has held that "[a] prior decision does not qualify for this third exception by being "just maybe or probably wrong; it must . . . strike [the Court] as wrong with the force of a five-week-old, unrefrigerated dead fish." *TFWS, Inc. v. Franchot*, 572 F.3d 186, 194 (4th Cir. 2009) (*quoting Bellsouth Telesensor v. Info. Sys. & Networks Corp.*, 1995 WL 520978 at *5 n.6 (4th Cir. Sept. 5, 1995)). In other words, the decision must be "dead wrong." *Parts & Elec. Motors, Inc. v. Sterling Elec. Inc.*, 866 F.2d 228, 233 (7th Cir.1988).

The Court has considered the grounds the plaintiff lists in support of his motion for reconsideration, and finds none of the grounds provide a sufficient basis for granting Rule 59(e) relief. Petitioner argues that he "never received any documents stating the status of [his] cases." (ECF No. 18.) Upon the Court's review of the Report, Petitioner's claims were dismissed and the case was closed. (ECF No. 15.) Accordingly, it is not clear how Petitioner suffered any prejudice from documents that he allegedly didn't receive. Petitioner's motion for reconsideration appears to be based on his dissatisfaction with the Court's prior decision and, as such, Petitioner's motion is DENIED.

IT IS SO ORDERED.

/s/Bruce Howe Hendricks
United States District Judge

March 11, 2016
Greenville, South Carolina

-3-